*PRELIMINARY PRINT*

VOLUME 601 U. S. PART 2
PAGES 480–490

# OFFICIAL REPORTS

OF

# THE SUPREME COURT

MAY 16, 2024

Page Proof Pending Publication

REBECCA A. WOMELDORF

REPORTER OF DECISIONS



NOTICE: This preliminary print is subject to formal revision before the bound volume is published.   Users are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D.C. 20543, pio@supremecourt.gov, of any typographical or other formal errors.

# HARROW *v.* DEPARTMENT OF DEFENSE

## CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR
## THE FEDERAL CIRCUIT

No. 23–21.   Argued March 25, 2024—Decided May 16, 2024

When the Department of Defense furloughed petitioner Stuart Harrow for
  six days, he challenged that decision before the Merit Systems Protec-
  tion Board.   After a five-year delay, the Board ruled against him.   Har-
  row had the right to appeal that decision to the Court of Appeals for
  the Federal Circuit, provided he did so "within 60 days" of the Board's
  final order.   5 U. S. C. § 7703(b)(1).   But Harrow did not learn about the
  Board's decision until the 60-day period to appeal had run, and filed his
  appeal late.   Given the circumstances, Harrow asked the Federal Cir-
  cuit to overlook his untimeliness and equitably toll the filing deadline.
  But the Circuit, believing that the deadline was an unalterable "jurisdic-
  tional requirement," denied his request.

*Held*: Section 7703(b)(1)'s 60-day filing deadline is not jurisdictional.   Al-
  though the procedural rules that govern the litigation process are often
  phrased in mandatory terms, they are generally subject to exceptions
  like waiver, forfeiture, and equitable tolling.   But when Congress
  enacts a "jurisdictional" requirement, it "mark[s] the bounds" of a
  court's power, and a litigant's failure to follow the rule "deprives a court
  of all authority to hear a case," with no exceptions.   *Boechler* v. *Com-
  missioner*, 596 U. S. 199, 203; *United States* v. *Kwai Fun Wong*, 575
  U. S. 402, 409.   Mindful of those repercussions, the Court will "treat a
  procedural requirement as jurisdictional only if Congress 'clearly states'
  that it is."   *Boechler*, 596 U. S., at 203.   Under that approach, "most
  time bars are nonjurisdictional," even when "framed in mandatory" and
  "emphatic" terms.   *Kwai Fun Wong*, 575 U. S., at 410–411.

     No language in the provision Harrow violated suggests a different
  result.   Section 7703(b)(1) states that an appeal "shall be filed within
  60 days after the Board issues notice of the final order."   Although the
  deadline is stated in mandatory terms, this fact is "of no consequence"
  to the jurisdictional issue.   *Id.*, at 411.   "What matters instead" is
  whether the time bar speaks to the court's jurisdiction.   *Ibid.*   And
  § 7703(b)(1) does not.

     The Government rests its case on a different statute spelling out the
  Federal Circuit's subject-matter jurisdiction, but that law provides it no
  better support.   In 28 U. S. C. § 1295(a)(9), Congress granted the Circuit
  jurisdiction "of an appeal from a final order or final decision of the Merit

Systems Protection Board, pursuant to section[ ] 7703(b)(1)." The Government argues that an appeal is "pursuant to" § 7703(b)(1)—and so within the Federal Circuit's jurisdiction—only if it fully complies with § 7703(b)(1)'s requirements, including the time bar. But that interpretation is more strained than clear. When a legal drafter writes that a filing has been made "pursuant to" a statutory provision, the phrase often functions as a synonym for "under," identifying the provision that served as the basis for the filing but without addressing whether the latter conformed to the former's every requirement. The Court has recently used the phrase this way, as has Congress. See *BP p.l.c.* v. *Mayor and City Council of Baltimore*, 593 U. S. 230, 238. So to file an appeal "pursuant to" § 7703(b)(1) likely just means to invoke that section as the basis for the appeal. At the very least, there is no clarity the other way. And the rest of § 1295 confirms that conclusion. The law uses the phrase "pursuant to" to reference several other statutes, which in turn contain a bevy of procedural rules. The Government's interpretation would suggest that all those rules are jurisdictional too. But the Court has almost never treated rules like these as absolute bars to judicial action.

The Government cites one kind of time limit that counts as jurisdictional even without a clear statement—deadlines to appeal a district court decision in a civil case. *Bowles* v. *Russell*, 551 U. S. 205. But this *Bowles* exception is for appeals from one Article III court to another. As to all other time bars, like the agency appeal here, the clear-statement rule applies. And for the reasons stated, the 60-day deadline to appeal Board decisions does not satisfy it. Pp. 483–490.

Vacated and remanded.

KAGAN, J., delivered the opinion for a unanimous Court.

*Joshua P. Davis* argued the cause for petitioner. With him on the briefs were *Scott Dodson*, *Mark D. Harris*, and *John E. Roberts*.

*Aimee W. Brown* argued the cause for respondent. On the brief were *Solicitor General Prelogar, Principal Deputy Assistant Attorney General Boynton, Deputy Solicitor General Fletcher, Frederick Liu*, and *Galina I. Fomenkova*.*

---

*Briefs of *amici curiae* urging reversal were filed for the American Federation of Government Employees by *Andres M. Grajales* and *David A. Borer*; for the Federal Circuit Bar Association by *John C. O'Quinn* and *William H. Burgess*; for Law Professors by *Stanley C. Blackmon*; for the

JUSTICE KAGAN delivered the opinion of the Court.

A federal employee subjected to an adverse personnel action may complain to the Merit Systems Protection Board. If the Board rules against him, he may appeal to the Court of Appeals for the Federal Circuit "within 60 days." 5 U. S. C. § 7703(b)(1). The question presented is whether that 60-day limit is "jurisdictional," and therefore precludes equitable exceptions. We hold that the limit, like most filing deadlines, is not jurisdictional.

I

This case began in 2013, when Stuart Harrow, a longtime employee of the Department of Defense, filed a claim with the Merit Systems Protection Board objecting to a six-day furlough. The Board is an independent agency established to adjudicate federal employment disputes. It referred the case, as is usual, to an administrative judge for an initial decision. In 2016, the judge upheld the furlough, finding it "regrettable" but not "improper." No. 22–2254 (CA Fed.), ECF Doc. 6, p. 19. Harrow sought review of that conclusion before the full Board, as the law allows. But in early 2017— with Harrow's action still pending—the Board lost its quorum, and so its ability to resolve cases. That state of affairs lasted for over five years. It was not until May 2022 that the Board, with a quorum finally restored, affirmed the administrative judge's decision.

That long delay led Harrow to miss his next deadline. Under 5 U. S. C. § 7703(b)(1), Harrow was supposed to petition for review in the Federal Circuit "within 60 days" of the Board's final order. See *ibid.* (stating that the petition "shall be filed" within that time). But Harrow did not submit his petition until September 2022—more than 120 days after the Board's order issued. In an associated filing, Har-

National Treasury Employees Union by *Julie M. Wilson*, *Paras N. Shah*, and *Allison C. Giles*; and for the National Veterans Legal Services Program by *Benjamin C. Block*.

row offered an excuse for his lateness. During his years-long wait for the Board's decision, Harrow explained, his work email address had changed—and the old address at some point stopped forwarding to the new one. See ECF Doc. 8, at 7–8. So when the Board sent notice of its order to the email address it had on file, Harrow never got the message. He learned of the decision only from a search he did of the Board's website, after the 60-day period had run. Given the "extenuating circumstances," Harrow urged, the Federal Circuit should overlook his petition's untimeliness. *Id.*, at 7.

The Court of Appeals declined Harrow's request for equitable consideration, believing it had an absolute obligation to dismiss his appeal. The court reasoned that the 60-day statutory deadline is a "jurisdictional requirement," and therefore "not subject to equitable tolling." App. to Pet. for Cert. 2a. "Harrow's situation" might be "sympathetic," the court stated, but it was also irrelevant. *Ibid.* Given the deadline's jurisdictional nature, the court lacked the capacity to "excuse a failure to timely file based on individual circumstances." *Ibid.*

We granted certiorari to decide whether, as the Federal Circuit held, the 60-day deadline to appeal a Board decision is jurisdictional. 601 U. S. —— (2023). We hold it is not.

II

The procedural requirements that Congress enacts to govern the litigation process are only occasionally as strict as they seem. Most of those rules read as categorical commands (*e. g.*, a person "shall file in this court," "shall file by that time," "shall include the following documents"). But Congress legislates against the backdrop of judicial doctrines creating exceptions, and typically expects those doctrines to apply. See *Minerva Surgical, Inc.* v. *Hologic, Inc.*, 594 U. S. 559, 571–572 (2021). So a court will not enforce a procedural rule against a non-complying party if his opponent has for-

feited or waived an objection. And more relevant here, a court may be able to excuse the party's non-compliance for equitable reasons. See *infra*, at 489. Except—and this "except" is important—in a small set of cases, where the procedural rule counts as "jurisdictional." When Congress enacts a jurisdictional requirement, it "mark[s] the bounds" of a court's power: A litigant's failure to follow the rule "deprives a court of all authority to hear a case." *Boechler* v. *Commissioner*, 596 U. S. 199, 203 (2022); *United States* v. *Kwai Fun Wong*, 575 U. S. 402, 409 (2015). So a court must enforce the rule even if no party has raised it. And a court must adhere to the rule "even if equitable considerations would support" excusing its violation. *Id.*, at 409.

Mindful of those repercussions, this Court will "treat a procedural requirement as jurisdictional only if Congress 'clearly states' that it is." *Boechler*, 596 U. S., at 203 (quoting *Arbaugh* v. *Y & H Corp.*, 546 U. S. 500, 515 (2006)). Congress of course need not use "magic words" to convey that such a requirement confines a court's authority. 596 U. S., at 203. But our demand for a clear statement erects a "high bar." *Kwai Fun Wong*, 575 U. S., at 409. For a procedural rule to surmount it, "traditional tools of statutory construction must plainly show that Congress imbued [the rule] with jurisdictional consequences." *Id.*, at 410.

And under that approach, "most time bars are nonjurisdictional." *Ibid.*; see *Sebelius* v. *Auburn Regional Medical Center*, 568 U. S. 145, 154–155 (2013) (citing cases). That is true whether or not the bar is "framed in mandatory terms." *Kwai Fun Wong*, 575 U. S., at 410. Consider a provision closely resembling the one here: A veteran denied benefits by an agency "shall file a notice of appeal with the Court [of Appeals for Veterans Claims] within 120 days." 38 U. S. C. § 7266(a). We viewed the provision as a run-of-the-mill "filing deadline," seeking "to promote the orderly progress of litigation" rather than to demarcate a court's power. *Henderson* v. *Shinseki*, 562 U. S. 428, 435 (2011). The time bar,

we explained, "does not speak in jurisdictional terms or refer in any way to the jurisdiction of the Veterans Court." *Id.*, at 438 (alterations omitted). And we made the same point when discussing a statute of limitations whose phrasing was even more "emphatic." *Kwai Fun Wong*, 575 U. S., at 411. A "tort claim against the United States shall be forever barred," that provision pronounced, unless presented "within two years." 28 U. S. C. §2401(b). Once again, we saw no sign that Congress meant to give the time bar jurisdictional consequence. The provision, we reasoned, "does not define a federal court's jurisdiction over tort claims generally, address its authority to hear untimely suits, or in any way cabin its usual equitable powers." *Kwai Fun Wong*, 575 U. S., at 411. The time limit was "just [a] time limit[ ], nothing more." *Id.*, at 412.

No language in the time-bar provision Harrow violated suggests a different result. Section 7703(b)(1) states, as relevant here:

> "[A] petition to review a final order or final decision of the Board shall be filed in the United States Court of Appeals for the Federal Circuit. Notwithstanding any other provision of law, any petition for review shall be filed within 60 days after the Board issues notice of the final order or decision of the Board."

The provision thus describes how a litigant can obtain judicial review of the Board's final orders. It directs those appeals—including Harrow's—to the Federal Circuit. And it sets a deadline: 60 days from when the Board's order issues. That deadline is stated in mandatory terms—"shall be filed." But as we have repeatedly held, that fact is "of no consequence" to the jurisdictional issue. *Kwai Fun Wong*, 575 U. S., at 411; see *Henderson*, 562 U. S., at 439. "What matters instead" is whether a time bar speaks to a court's authority to hear a case. *Kwai Fun Wong*, 575 U. S., at 411. And nothing in §7703(b)(1) does: There is no men-

tion of the Federal Circuit's jurisdiction, whether generally or over untimely claims. So § 7703(b)(1), on its own, does not deprive the Federal Circuit of power to hear Harrow's appeal. Not even the Government, which defends the view that the 60-day limit is jurisdictional, argues otherwise.

The Government instead rests its case on part of a different statute—28 U. S. C. § 1295, which spells out the Federal Circuit's subject-matter jurisdiction. That law lists 14 categories of cases the court has power to decide. The one relevant here is the ninth. Section 1295(a)(9) grants the Federal Circuit jurisdiction "of an appeal from a final order or final decision of the Merit Systems Protection Board, pursuant to section[ ] 7703(b)(1)." In the Government's view, the term "pursuant to" means—indeed, can only mean—in "conformance to" or "compliance with." Brief for United States 11; see *id.*, at 38. So (the Government argues) only appeals fully complying with § 7703(b)(1)—including its 60-day deadline—fall within the Federal Circuit's jurisdiction. In that way, the time limit becomes a "jurisdictional prerequisite." *Id.*, at 11.

But the Government's reading of § 1295(a)(9) is more strained than clear. "Pursuant to" is one of those little phrases that can mean a raft of things. See B. Garner, Dictionary of Legal Usage 737 (3d ed. 2011) ("Because the phrase means so many things, it is rarely—if ever—useful"). Maybe sometimes, as the Government urges, it conveys that one thing is in strict compliance with another. But that is not the only—or even the most common—meaning when a legal drafter writes that some filing has been made "pursuant to" a statutory provision. Then the phrase often functions as a legalese synonym for "under." See *ibid.* It identifies the provision that served as the basis for the filing, but without addressing whether the latter conformed to the former's every requirement. Consider two of our own opinions. In one, we stated that a law gave whistleblower protection to employees of companies that "file [certain state-

ments] pursuant to § 15(d)," even as we observed that the employees might be "reporting violations" of that section's commands. *Lawson* v. *FMR LLC*, 571 U. S. 429, 446 (2014). And similarly in another, we noted that a person had "filed a petition for a writ of habeas corpus in [district court] pursuant to" 28 U. S. C. § 2254, only to hold three paragraphs later that he actually "could not satisfy" one of § 2254's requirements. *Alaska* v. *Wright*, 593 U. S. 152, 153–154 (2021) (*per curiam*). In like manner, we today could say that Harrow filed his appeal "pursuant to" § 7703(b)(1) even though he failed to satisfy that section's time bar.

And more to the point, we think Congress would agree with that usage. Consider a different law it drafted about appellate review, which this Court recently examined. See *BP p.l.c.* v. *Mayor and City Council of Baltimore*, 593 U. S. 230, 237–239 (2021). The provision is part of the statutory scheme for removing cases from state to federal court. Under that scheme, a defendant may remove a case by invoking any of several statutory grounds; but the federal court must remand the case to state court if it finds that the ground does not apply. See 28 U. S. C. §§ 1441–1444, 1446(a), 1447(c). For the most part, a remand order is not appealable. But that rule has an exception: An appeal is allowed when the federal court remands a case that was previously "removed pursuant to section 1442 or 1443" (which state two specific grounds for removal). § 1447(d). What does that "pursuant to" mean? It cannot mean that a party may appeal only when his removal actually conformed to § 1442 or § 1443 (as the Government's argument here would imply). Whether the removal did so is the very question the appeal will decide. Instead, as we explained in *BP p.l.c.*, to remove a case "pursuant to" § 1442 or § 1443 "just means" that the defendant must have "assert[ed] the case is removable" under one of those provisions. 593 U. S., at 238. In similar vein, to file an appeal from a Board's order "pursuant to" § 7703(b)(1) likely just means to invoke that section as the

basis for the appeal, rather than to comply with its associated time limit. At the least, there is no clarity the other way. Section 1295(a)(9)'s use of the words "pursuant to" does not "plainly show" that § 7703(b)(1)'s deadline has "jurisdictional consequences." *Kwai Fun Wong*, 575 U. S., at 410.

The rest of § 1295 confirms that conclusion. In listing the cases over which the Federal Circuit has jurisdiction, that provision uses the term "pursuant to" several more times. In particular, the Circuit can hear appeals from an agency decision "pursuant to" a statute about public contracts, and from a district court decision made "pursuant to" certain patent statutes. § 1295(a)(4)(C), (10). The referenced laws in turn contain a bevy of procedural rules—not only setting deadlines (as in § 7703(b)(1)), but also requiring service and other forms of notification, mandating prior government authorization of certain matters, and even compelling the payment of expenses. See 35 U. S. C. §§ 145, 146; 41 U. S. C. § 7107(a)(1)(B). Assuming the phrase "pursuant to" has the same meaning throughout § 1295—and why should it not?— all those requirements, too, would become jurisdictional. That result is untenable. We have almost never treated the sort of routine rules swept up in the Government's "pursuant to" reading as absolute bars to judicial action, neither subject to forfeiture nor excusable for equitable reasons. See *supra*, at 483–484. So the wider implications of the Government's argument serve to defeat it (were any doubt left). The jumble of procedural rules to which § 1295 points cannot turn on and off the Federal Circuit's power.

The Government identifies one kind of time limit that counts as jurisdictional, but we have already made plain its exceptional nature. As the Government notes, the Court held in *Bowles* v. *Russell*, 551 U. S. 205 (2007), that the deadline for filing an appeal from a district court's decision in a civil case is jurisdictional, even though the statute setting that limit does not say as much. See Brief for United States 24. In that decision, we reaffirmed a line of precedents pre-

dating our current approach to such matters. See 551 U. S., at 209–210, and n. 2. But we have since taken care to delineate both where *Bowles* applies and where it does not. *Bowles* governs statutory deadlines to appeal "from one Article III court to another." *Hamer* v. *Neighborhood Housing Servs. of Chicago*, 583 U. S. 17, 25 (2017). As to all other time bars, we now demand a "clear statement." *Id.*, at 25, n. 9. This case falls outside the *Bowles* exception because Harrow appealed to the Federal Circuit not from another court but from an agency. And as we have shown, the time limit Harrow missed when he filed that appeal does not satisfy our clear-statement test. See *supra*, at 485–488.*

Having thus held that § 7703(b)(1)'s deadline is nonjurisdictional, we encounter a newly raised back-up argument. Even if non-jurisdictional, the Government urges, the 60-day limit "would still not be subject to equitable tolling." Brief for United States 42. In making that claim, the Government must contend with another high bar. "Because we do not understand Congress to alter" age-old procedural doctrines lightly, "nonjurisdictional [timing rules] are presumptively subject to equitable tolling." *Boechler*, 596 U. S., at 209; see *supra*, at 483–484. The Government says it can rebut that presumption, but we are not the right court to

————————

*The Government also invokes *Lindahl* v. *Office of Personnel Management*, 470 U. S. 768 (1985), in support of its position, but that decision helps it no more than *Bowles*. In *Lindahl*, the Court held that the Federal Circuit has jurisdiction over Board decisions denying disability retirement claims. See 470 U. S., at 799. In doing so, we referred to not only § 1295 but also § 7703(b)(1) as "jurisdictional." *Id.*, at 792–793. But that is just one more example (our recent decisions have offered many) of how this Court used to apply the term "jurisdiction" in a "profligate" manner, failing to distinguish between statutes spelling out a court's power and those specifying what steps litigants should take. *Arbaugh* v. *Y & H Corp.*, 546 U. S. 500, 510 (2006); see *Kontrick* v. *Ryan*, 540 U. S. 443, 454–455 (2004). And in any event, *Lindahl* concerned only the scope of claims that may be brought to the Federal Circuit; it had nothing to do with time limits— which, we repeat, are generally non-jurisdictional. See *United States* v. *Kwai Fun Wong*, 575 U. S. 402, 410 (2015); *supra*, at 484–485.

now determine whether that is so. The Government did not broach the issue below; the Federal Circuit did not address it; and it is not included in the question presented. We therefore leave the matter (including any waiver issues involved) to the Federal Circuit on remand. And if that court finds equitable tolling available, it should decide whether, on the facts here, Harrow is entitled to that relief.

For the reasons stated, we vacate the judgment of the Court of Appeals and remand the case for further proceedings consistent with this opinion.

*It is so ordered.*

REPORTER'S NOTE

The attached opinion has been revised to reflect the usual publication and citation style of the United States Reports. The revised pagination makes available the official United States Reports citation in advance of publication. The syllabus has been prepared by the Reporter of Decisions for the convenience of the reader and constitutes no part of the opinion of the Court. A list of counsel who argued or filed briefs in this case, and who were members of the bar of this Court at the time this case was argued, has been inserted following the syllabus. Other revisions may include adjustments to formatting, captions, citation form, and any errant punctuation. The following additional edits were made:

p. 480, line 19: "; *United States* v. *Kwai Fun Wong*, 575 U. S. 402, 409." is inserted after "203"
p. 480, line 21: "*Ibid.*" is replaced with "*Boechler*, 596 U. S., at 203."