NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PAMELA LONG,**
*Petitioner*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent*

---

2023-2406

---

Petition for review of the Merit Systems Protection Board in Nos. CH-1221-18-0286-C-1, CH-1221-18-0286-W-1.

---

Decided:  August 13, 2024

---

PAMELA JEAN LONG, Humboldt, TN, pro se.

EMMA EATON BOND, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY, FRANKLIN E. WHITE, JR.

---

Before PROST, REYNA, and CHEN, *Circuit Judges*.

PER CURIAM.

Pamela Long appeals pro se a final decision of the Merit Systems Protection Board (Board). *Long v. Dep't of Veterans Affs.*, Nos. CH-1221-18-0286-C-1, CH-1221-18-0286-W-1, 2023 WL 4537948 (M.S.P.B. July 13, 2023) (*Board Decision*). The Board denied Ms. Long's petition for review of and affirmed the administrative judge's initial decision dismissing Ms. Long's petition for enforcement of a settlement agreement between Ms. Long and the Department of Veterans Affairs (agency). The Board also dismissed as untimely Ms. Long's separate petition for review of the administrative judge's initial decision dismissing Ms. Long's individual right of action (IRA) appeal as settled.

On November 7, 2023, we dismissed Ms. Long's petition for review of the Board's final decision for lack of jurisdiction because we did not receive Ms. Long's petition within the 60-day statutory deadline for filing such a petition under 5 U.S.C. § 7703(b)(1)(A). *See* ECF No. 11. Subsequently, the Supreme Court granted certiorari in *Harrow v. Department of Defense*, No. 23-21, which presented a question of whether § 7703(b)(1)(A)'s deadline is jurisdictional. Accordingly, we granted Ms. Long's motions for reconsideration and panel rehearing, vacated the November 7, 2023 dismissal order, and reinstated Ms. Long's appeal. *See* ECF No. 19.

The Supreme Court recently decided *Harrow*, holding that § 7703(b)(1)(A)'s deadline is non-jurisdictional but declining to decide whether it is nonetheless mandatory and therefore not subject to equitable tolling. *See Harrow v. Dep't of Def.*, 601 U.S. 480, 489–90 (2024). In the instant appeal, the government argues the deadline is not subject to equitable tolling and that, in any event, Ms. Long would not be entitled to equitable tolling. We do not reach these issues because we find that the Board did not err on the

merits.  Accordingly, for the reasons explained below, we *affirm* the Board's final decision.

## BACKGROUND

In March 2018, Ms. Long filed an IRA appeal with the Board after the agency removed her from her position as a GS-11 perfusionist.  In July 2018, the parties settled Ms. Long's claims.  The administrative judge reviewed the settlement agreement and determined that it was lawful and the parties entered into it freely and understanding its terms.  Accordingly, on July 16, 2018, the administrative judge entered the agreement into the record for purposes of enforcement and dismissed the appeal as settled.  *Long v. Dep't of Veterans Affs.*, No. CH-1221-18-0286-W-1, 2018 WL 3497023 (M.S.P.B. July 16, 2018).  That decision became the final decision of the Board on August 20, 2018 because neither party filed a petition for review by that date.  *See* 5 C.F.R. § 1201.113.

On November 25, 2018, Ms. Long filed a petition with the Board for enforcement of the settlement agreement.  In relevant part, Ms. Long alleged the agreement was invalid, yet also alleged the agency breached the agreement's requirement that it provide a neutral employment reference.  On April 10, 2019, the administrative judge dismissed the petition for enforcement, finding that Ms. Long did not prove the settlement agreement was invalid or materially breached.  *Long v. Dep't of Veterans Affs.*, No. CH-1221-18-0286-C-1, 2019 WL 1596427 (M.S.P.B. Apr. 10, 2019).  On May 15, 2019, Ms. Long filed a petition for review of that initial decision.  Separately, on June 11, 2019, Ms. Long filed a petition for review of the July 16, 2018 initial decision that had already become final.  The Board joined the two appeals and issued its final decision on July 13, 2023.

First, the Board affirmed the April 10, 2019 initial decision.  It concluded that the administrative judge correctly found that Ms. Long failed to establish that the agency breached the settlement agreement.  Although it also noted

that the administrative judge "arguably erred" by passing judgment on contentions regarding the validity of the agreement improperly presented in a petition for enforcement, *see Board Decision*, 2023 WL 4537948, at *3, the Board found that any such error would not provide a basis for reversing the initial decision.

Second, the Board dismissed Ms. Long's June 11, 2019 petition for review of the July 16, 2018 initial decision dismissing her IRA appeal as settled. The Board found that the petition was untimely and Ms. Long did not demonstrate good cause to excuse the delay because she did not act with diligence to file the petition. *See* 5 C.F.R. § 1201.114(g) (requiring good cause for an untimely petition for review). Ms. Long's asserted grounds for invalidating the settlement agreement alleged that, between July 6 and 11, 2018, she was coerced into signing the agreement by the agency or her attorneys and that her attorneys did not allow her to revoke the agreement. Given that Ms. Long alleged she discovered this evidence supporting invalidity by no later than July 11, 2018—five days before the initial decision—the Board determined that the 98-day delay between the date the initial decision became final and the date she first alleged invalidity did not show diligence.[1] *Board Decision*, 2023 WL 4537948, at *5.

Ms. Long filed a petition for review of the Board's final decision. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

---

[1]    Although the Board considered Ms. Long's challenge to the validity of the settlement agreement to be improperly presented in the November 25, 2018 petition for enforcement, it nonetheless afforded Ms. Long the benefit of that date for purposes of determining the length of her delay. *See Board Decision*, 2023 WL 4537948, at *3–5.

## DISCUSSION

### I

We must affirm the Board's decision unless we find that it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Higgins v. Dep't of Veterans Affs.*, 955 F.3d 1347, 1353 (Fed. Cir. 2020) (internal quotation marks and citation omitted).

To establish good cause to excuse a filing delay before the Board, "an appellant must show that the delay was excusable under the circumstances and that the appellant exercised due diligence in attempting to meet the filing deadline." *Zamot v. Merit Sys. Prot. Bd.*, 332 F.3d 1374, 1377 (Fed. Cir. 2003). "The decision to waive the time limit to appeal to the Board is committed to the discretion of the Board, and is reversed only for abuse of that discretion." *Herring v. Merit Sys. Prot. Bd.*, 778 F.3d 1011, 1013 (Fed. Cir. 2015).

### II

We find that substantial evidence supports the Board's decision that Ms. Long failed to prove the agency materially breached the neutral employment reference provision of the settlement agreement. The Board explained that Ms. Long supported her claim of noncompliance with mere speculation, based on the fact that she was not selected for four positions to which she applied. *Board Decision*, 2023 WL 4537948, at *3. Ms. Long provided only bare-bones allegations that a particular nurse practitioner and unnamed agency officials made slanderous statements regarding her job performance to the four medical centers where Ms. Long applied for employment. *Id.* at *3. The agency,

on the other hand, provided unrebutted declarations of (1) "the Human Resource Officer designated in the settlement agreement to field employment inquiries," stating that she had not received any employment inquiries concerning Ms. Long, and (2) the named nurse practitioner, stating that she had not spoken to anyone outside of Ms. Long's facility concerning Ms. Long since April 2017, before the execution of the settlement agreement. *Id.* Accordingly, the Board agreed with the administrative judge that Ms. Long failed to prove that the agency breached the requirement to provide her a neutral employment reference. *Id.* "Under the substantial evidence standard of review, we do not reweigh evidence on appeal." *Jones v. Dep't of Health & Hum. Servs.*, 834 F.3d 1361, 1369 (Fed. Cir. 2016) (cleaned up).

We also find that the Board did not abuse its discretion in determining that Ms. Long lacked good cause for her delay in challenging the validity of the settlement agreement. The Board reasonably found that Ms. Long failed to exercise diligence because she discovered the alleged reasons to invalidate the agreement at least five days before the initial decision dismissing her IRA appeal as settled yet waited more than three months after the initial decision became final to challenge the agreement as invalid. *Board Decision*, 2023 WL 4537948, at *5.

Ms. Long presents a series of arguments to this court, though each is beside the point. First, Ms. Long argues the merits of her challenge to the settlement agreement's validity. But the Board did not reach this issue because it found Ms. Long's invalidity challenge untimely. Ms. Long next argues the merits of her IRA appeal and identifies alleged evidence in support thereof. This issue, too, was not reached by the Board because Ms. Long settled her claims with the agency, and the Board accordingly dismissed her appeal as settled. Finally, Ms. Long alleges that she has discovered "new information" and "new evidence" that shows good cause for her untimely filing. Pet'r's Informal

Br. 5, 8.  We do not consider new evidence that was not presented to the Board.  *See Oshiver ex rel. Oshiver v. Off. of Pers. Mgmt.*, 896 F.2d 540, 542 (Fed. Cir. 1990).  In any event, Ms. Long does not clearly explain what the new information or evidence is, where it lies among the hundreds of pages of appendices she has submitted, or how it establishes that the Board abused its discretion in finding that Ms. Long failed to exercise diligence.

## CONCLUSION

We have considered Ms. Long's remaining arguments and find them unpersuasive.  Accordingly, we *affirm* the Board's final decision.

## AFFIRMED

### COSTS

No costs.