[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 24-10703

Non-Argument Calendar

_____

ANTHONY T. LEE,

Petitioner,

*versus*

DEPARTMENT OF THE ARMY,
MERIT SYSTEMS PROTECTION BOARD,

Respondents.

_____

Petition for Review of a Decision of the
Merit Systems Protection Board
Agency No. AT-0752-10-0173-1-1

_____

Before JORDAN, JILL PRYOR, and LUCK, Circuit Judges.

PER CURIAM:

On March 7, 2024, Anthony Lee filed a petition for review challenging an unspecified decision of the Merit Systems Protection Board ("MSPB") related to his termination from employment with the Department of the Army ("the Army"). The MSPB filed a motion for clarification as to which decision in which case Lee was seeking to challenge. Additionally, the Army filed a motion to dismiss the petition for lack of jurisdiction because Lee failed to identify any final order or decision of the MSPB in his petition for review to trigger our jurisdiction under 5 U.S.C. § 7703(b)(1)(B).

We granted the MSPB's motion for clarification and ordered Lee to designate what order he was seeking to challenge. We also instructed all parties to file briefs addressing our jurisdiction in this case, and we instructed the respondents to file the administrative record from the relevant MSPB case.

In response to our order, Lee stated that he was seeking to enforce an oral ruling in his favor issued at a prehearing telephonic conference on January 26, 2010, in case number AT-0752-10-0173-I-1. In its jurisdictional brief, the Army repeated its arguments from its motion to dismiss and also argued that the petition for review should be dismissed as untimely.

After jurisdictional briefing was completed, the respondents filed the administrative record for case number AT-0752-10-0186-I-1, which included a January 26, 2010, order

describing a prehearing telephonic conference that occurred on the same day and a final decision of the MSPB affirming Lee's employment termination on October 26, 2010.  In his jurisdictional briefs, Lee contests the accuracy of the January 26, 2010, order in the record.  He asserts that the Administrative Judge issued an oral ruling on January 26, 2010, that reversed his employment termination and ordered the Army to award him back-pay, which he clarified is the ruling that he seeks to enforce.

We conclude that Lee's petition for review is untimely.  Because there is no evidence in the record supporting the existence of the oral ruling that Lee says he seeks to enforce in this appeal, we will use the January 26, 2010, order and other documents from case number AT-0752-10-0186-I-1 to determine whether Lee's petition is timely.  Even if the Administrative Judge issued, orally or in writing, the decision Lee says was made on January 26, 2010, the official record demonstrates that the final order in those proceedings was issued by the MSPB on October 26, 2010.  Lee's petition for review is untimely because he filed it on March 7, 2024, which was far more than 60 days after that final order and everything that preceded it.  *See* 5 U.S.C. § 7703(b)(1).  Although § 7703(b)(1)'s 60-day deadline is not jurisdictional, we must nevertheless enforce it because the Army raised the timeliness of the petition in its jurisdictional brief.  *See Harrow v. Dep't of Def.*, 601 U.S. 480, 483 (2024); *Hamer v. Neighborhood Servs. of Chicago*, 583 U.S. 17, 20 (2017).  And even if § 7703(b)(1)'s deadline is subject to equitable tolling, it cannot be tolled here because Lee has not shown that extraordinary circumstances prevented the timely filing of his petition or that he

4                    Opinion of the Court                    24-10703

has pursued his claim with due diligence.  *See Harrow*, 601 U.S. at 489-90; *NuVasive, Inc. v. Absolute Med., LLC*, 71 F.4th 861, 875-76 (11th Cir. 2023).

Accordingly, we DISMISS the petition for review as untimely.  The Army's motion to dismiss is DENIED AS MOOT. Lee's motions to impose sanctions are DENIED.  All other pending motions are DENIED AS MOOT.