NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROBERTA A. LEE,**
*Petitioner*

**v.**

**DEPARTMENT OF THE ARMY,**
*Respondent*

---

2024-2096

---

Petition for review of the Merit Systems Protection Board in No. DE-0752-18-0161-I-1.

---

Decided: January 17, 2025

---

ROBERTA A. LEE, Leavenworth, KS, pro se.

ANNE DELMARE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BRIAN M. BOYNTON, TARA K. HOGAN, PATRICIA M. MCCARTHY.

---

Before REYNA, CUNNINGHAM, and STARK, *Circuit Judges*.

PER CURIAM.

Roberta A. Lee appeals pro se a final decision of the Merit Systems Protection Board, which affirmed the agency's charge of insubordination and penalty of removal. Ms. Lee had 60 days from the date of the Board's decision, or the Board's notice of the final order, to file a petition of review to this court. 5 U.S.C. § 7703(b)(1). The Supreme Court recently decided that this 60-day filing deadline is non-jurisdictional. *Harrow v. Dep't of Def.*, 601 U.S. 480, 489–90 (2024). The Court, however, declined to decide whether the 60-day filing deadline is subject to equitable tolling. *Id.*

The government argues that we must dismiss Ms. Lee's appeal because she filed it six days past the 60-day deadline. Respondent's Br. 7–8. The government also argues the 60-day filing deadline is not subject to equitable tolling and that, in any event, Ms. Lee would not be entitled to equitable tolling. *Id.* We do not reach these issues because we find that the Board did not err on the merits. Accordingly, for the reasons explained below, we affirm the Board's final decision.

BACKGROUND

At the time of her removal, Ms. Lee served as a Supervisory Visual Information Specialist, GS-1084-11, in the Visual Information Branch's Directorate of Plans, Training, Mobilization and Security, within the Department of the Army, at Fort Riley, Kansas. SAppx6.[1] The relevant facts for this appeal surround Ms. Lee's failure to attend a December 5, 2017 meeting with her supervisor, Ms. Randi Hamden. *Id.*

On the morning of December 5, 2017, Ms. Hamden sent an email to Ms. Lee directing Ms. Lee to meet with her that day. SAppx7. Shortly thereafter, agency counsel and Ms.

---

[1] "SAppx" refers to the supplemental appendix accompanying the government's informal response brief.

Lee's Equal Employment Opportunity ("EEO") representative, Ms. Janice Jackson, became involved in the email exchanges between Ms. Hamden and Ms. Lee.  Appx11–14.[2]  Ms. Jackson was Ms. Lee's representative in a pending discrimination complaint against a separate supervisor at the agency.  Appx7–8.

Ms. Lee requested to know the purpose of this meeting.  SAppx7; Appx12.  Ms. Lee also noted in a separate email that Ms. Jackson "will [need to] be present."  Appx13.  The agency clarified that "this meeting is unrelated to Ms. Lee's pending EEO complaint," that Ms. Jackson could not attend the meeting, and that "[m]anagement expects to meet with Ms. Lee at Building 319 at 1300 [i.e., 1 pm] this afternoon."  *Id.*

Ms. Lee did not attend the meeting at 1 pm on December 5, 2017.  SAppx7; Appx15.  Later that afternoon, the agency placed Ms. Lee on administrative leave.  SAppx9.

On December 19, 2017, the agency issued a notice of proposed removal for the charge of insubordination, and in the alternative, a charge of conduct unbecoming of a federal employee.  SAppx6.  Ms. Lee responded to this notice.  SAppx1.

On January 18, 2018, the agency issued a notice of decision of the proposed removal, which sustained both charges.  SAppx2.  The agency supported its removal determination by analyzing the relevant factors discussed in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305–06 (1981), i.e., the "*Douglas* factors."  SAppx3–4.  Ms. Lee's

---

[2]    As used herein, "Appx" refers to the appendix accompanying Ms. Lee's Informal Brief, which is docketed at ECF No. 4, and the cited pages correspond to the page numbering as docketed at ECF No. 4.

removal from service became effective on January 20, 2018. SAppx4.

Ms. Lee appealed the agency's removal action to the Merit Systems Protection Board ("MSPB" or the "Board"). The administrative judge ("AJ") assigned to Ms. Lee's appeal issued an initial decision, which affirmed the agency's charge of insubordination and penalty of removal.[3]

As to the insubordination charge determination, the AJ determined that Ms. Lee was insubordinate by failing to attend the December 5, 2017 meeting. The AJ rejected Ms. Lee's argument that she could not have been insubordinate because she received no direct order to attend the meeting. Appx10. The AJ found that the agency clearly instructed Ms. Lee to attend the December 5, 2017 meeting and that Ms. Lee and Ms. Jackson never expressed confusion about that instruction. Appx14. The AJ based these findings on hearing testimony and the December 5, 2017 email chain between Ms. Lee, Ms. Jackson, Ms. Hamden, and agency counsel.[4]

The AJ also found that the agency's order to attend the December 5, 2017 meeting was lawful, despite Ms. Lee's objection to attending the meeting without her EEO representative present. Appx16. The AJ found that the agency made clear that the meeting did not involve Ms. Lee's discrimination complaint but, rather, was work related, and

---

[3]    The AJ did not address the agency's alternative finding of conduct unbecoming of a federal employee. Appx7 n.1. The AJ explained that because he sustained the charge of insubordination and the penalty of removal, addressing the unbecoming charge conduct would not change the result in the case. *Id.*

[4]    The parties presented testimony before the AJ on October 30 and 31, 2018. SAppx14–17.

thus, Ms. Lee was not entitled to have her EEO representative present at the meeting. *Id.*

The AJ then determined that the penalty of removal was appropriate. Appx22–23. The AJ reviewed the agency's consideration of the relevant *Douglas* factors and agreed with the agency's assessment that the penalty of removal was reasonable given Ms. Lee's conduct. *Id.* The AJ agreed with the agency that Ms. Lee's intentional failure to attend the meeting was serious misconduct, even if the failure to attend the meeting was a single event. Appx22. The AJ also agreed with the agency that this was especially true given Ms. Lee's role as supervisor. *Id.* (noting that supervisors are held to a higher standard of conduct when analyzing the appropriate penalty). The AJ then agreed with the agency that Ms. Lee's December 5th email responses and written response indicated Ms. Lee's lack of rehabilitative potential and loss of needed supervisory confidence. Appx23.

Ms. Lee filed a petition for review of the AJ's initial decision before the full Board, which denied her petition and affirmed the AJ's initial decision. Appx34–36. The Board also modified the AJ's initial decision in one limited respect. Appx35. The Board addressed one of Ms. Lee's due process arguments that the AJ did not specifically address, i.e., that the agency violated her due process rights by considering certain adverse penalty factors without affording her prior notice and an opportunity to respond. *Id.* The Board determined that there was no due process violation and that Ms. Lee had notice and opportunity to respond to the evidence presented by the agency. Appx35–36.

Ms. Lee filed a petition for review of the Board's final decision. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We must affirm the Board's decision unless we find that it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Higgins v. Dep't of Veterans Affs.*, 955 F.3d 1347, 1353 (Fed. Cir. 2020) (internal quotation marks and citation omitted).

Ms. Lee raises four arguments on appeal. We address them in turn.

First, Ms. Lee argues that both the AJ and the Board overlooked points she raised before them. Petitioner's Informal Br. 2. Ms. Lee specifically argues that the AJ "overlooked [her] entire closing brief," and that the Board overlooked "the Judge's abuse of authority" and Ms. Lee's "due process rights." *Id.* We reject Ms. Lee's argument as vague and unsupported. Ms. Lee fails to specifically identify any evidence demonstrating that the Board's corresponding decision was arbitrary, capricious, an abuse of discretion, otherwise contrary to law, or unsupported by substantial evidence.

Second, Ms. Lee argues that "[t]he Agency did not prove that an order was given" for Ms. Lee to attend the December 5, 2017 meeting, and, thus Ms. Lee was not insubordinate by failing to attend the meeting. Petitioner's Informal Br. 2. The record, however, shows otherwise. Based on substantial evidence, including hearing testimony and a lengthy email exchange between Ms. Lee, Ms. Jackson, Ms. Hamden, and agency counsel, the AJ found that the agency gave a clear order to Ms. Lee to attend the December 5, 2017 meeting. Appx10–16. For this reason, we see no error in the AJ's determination, and the Board's affirmance, that Ms. Lee was insubordinate.

Third, Ms. Lee argues that the penalty of removal was unwarranted because the agency failed to seek an alternative penalty. Petitioner's Informal Br. 2. We disagree. The agency has no requirement to seek an alternative penalty before settling on the penalty of removal. Rather, the agency must assess a penalty that is reasonable in relation to the misconduct at issue. *U.S. Postal Serv. v. Gregory*, 534 U.S. 1, 5 (2001). The agency assesses the reasonableness of the penalty by considering and weighing the various *Douglas* factors. Here, the agency determined, based on the *Douglas* factors, that the penalty of removal was reasonable. SAppx3–4. The AJ agreed with the agency, having reviewed the agency's assessment of the *Douglas* factors. Appx22–23. The Board affirmed. Appx34–35. We see no error in these analyses.

Finally, Ms. Lee argues that the agency failed to prove the charge of insubordination. Petitioner's Informal Br. 2. We do not agree. Insubordination is the "willful and intentional refusal to obey an authorized order of a superior officer which the officer is entitled to have obeyed." *Mazares v. Dep't of Navy*, 302 F.3d 1382, 1385 (Fed. Cir. 2002) (quoting *Bieber v. Dep't of Army,* 287 F.3d 1358, 1364 (Fed. Cir. 2002)). Based on substantial evidence, the AJ found that Ms. Lee acted insubordinately. Appx16–18. Specifically, the AJ determined that the agency gave Ms. Lee a lawful order to attend the December 5, 2017 meeting, that Ms. Lee disobeyed the order, and that her disobedience was willful and intentional. *Id.* We see no error in the AJ's finding of insubordination.

## CONCLUSION

We have considered Ms. Lee's remaining arguments and find them unpersuasive. Accordingly, we affirm the Board's final decision.

## **AFFIRMED**

8                                                                    LEE v. ARMY

COSTS

No costs.