NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**KENNETH O. WYNN,**
*Petitioner*

**v.**

**DEPARTMENT OF THE ARMY,**
*Respondent*

---

2024-1979

---

Petition for review of the Merit Systems Protection Board in No. AT-0752-19-0203-C-1.

---

Decided:  March 10, 2025

---

KENNETH ORLANDO WYNN, Enterprise, AL, pro se.

COLLIN T. MATHIAS, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by BRIAN M. BOYNTON, ELIZABETH MARIE HOSFORD, PATRICIA M. MCCARTHY.

---

Before LOURIE, TARANTO, and STOLL, *Circuit Judges.*

PER CURIAM.

Dr. Kenneth O. Wynn appeals a decision of the Merit Systems Protection Board (Board) denying his petition for enforcement of his settlement with the Army. For the following reasons, we dismiss.

## BACKGROUND

The Army employed Dr. Wynn as a dentist until December 2018. At that time, the Army provided Dr. Wynn a notice of removal. Dr. Wynn appealed his removal to the Board. Before a hearing, however, Dr. Wynn and the Army agreed to a settlement.

The terms of the settlement agreement required Dr. Wynn to waive "any and all claims . . . arising from, or relating in any way to [his] former employment with the [Army]," and "fully release[d] . . . the [Army] . . . of any and all claims or liabilities concerning former employment with the [Army]." ECF No. 19 at 81.[1] In exchange, the Army "allow[ed] [Dr. Wynn] to resign," agreed to "remove all removal related personnel actions from [Dr. Wynn's] personnel File," and agreed to "pay [Dr. Wynn] a global settlement amount of $60,000." *Id.* at 82. Pertinent to Dr. Wynn's appeal, the settlement also recited that: (1) Dr. Wynn would be responsible for "disbursement for attorney fees," (2) the Army would report the payment "to the Internal Revenue Service (IRS)," and (3) "the question of tax liability, if any, as a result of such payment is a matter to be resolved solely between [Dr. Wynn] and the IRS." *Id.*

---

[1]    ECF No. 19 is Dr. Wynn's Informal Brief and Appendix. Because neither is numbered, we cite to the ECF system's PDF pagination.

In October 2019, the Administrative Judge received the signed settlement agreement, entered the settlement into the record, and dismissed Dr. Wynn's appeal.

In November 2019, the Defense Finance Accounting Service (DFAS) issued Dr. Wynn a payment, but the DFAS processed the settlement payment as wages instead of a lump sum. As a result, Dr. Wynn received $39,883.98 ($20,116.02 withheld); not a lump sum of $60,000. Dr. Wynn notified the Army of the perceived error, and the Army paid Dr. Wynn a lump sum of $60,000 in December 2019. He repaid DFAS the $39,883.98.

Following the exchange of payments, DFAS sent Dr. Wynn his Form W-2 for the 2019 tax fiscal year. That W-2 was incorrect. Following discussions between the parties, DFAS issued Dr. Wynn a Form W-2 C which correctly reported the payments he received that year. The Army also sent Dr. Wynn a copy of the Form 1099-MISC it filed with the IRS reporting the settlement payment of $60,000.

Although Dr. Wynn received his W-2 C before the extended 2020 tax deadline, he elected not to file his taxes—because he believed that the W-2 C was incorrect. According to Dr. Wynn, because the Army reported his settlement payment to the IRS via the 1099-MISC, the Army should not have also reported the payment on his W-2. Because Dr. Wynn believed the combination of the W-2 C and 1099-MISC incorrectly reported his income, in November 2020, Dr. Wynn's counsel emailed the AJ who had originally overseen his case requesting her involvement. The AJ considered that email to be a petition for enforcement of Dr. Wynn's settlement.

After briefing from both parties, the AJ issued her initial decision denying Dr. Wynn's petition for enforcement. The AJ noted that Dr. Wynn alleged that the Army "has failed to comply with the [settlement] agreement because

it has failed to issue a corrected [W-2]." SAppx2.[2] But the AJ agreed with the Army that "there are no additional steps [the Army] can take to issue amended tax forms," and "that any pending tax matters lie with Dr. Wynn and the IRS." SAppx3. The AJ relied on language from the settlement agreement reciting that "the question of tax liability . . . is a matter to be resolved solely between [Dr. Wynn] and the IRS." SAppx2.

Dr. Wynn filed a petition for review of the AJ's initial decision with the Board. In his petition, Dr. Wynn asked the Board to reverse the AJ's initial decision "and order the [Army] to reimburse [Dr. Wynn] for his additional attorney's fees . . . and any tax penalties." SAppx32. Dr. Wynn contended that "it is unfair for [him] to bear the burden of paying said tax penalties and additional attorney's fees that he would not have incurred" if the Army had given him a W-2 that he believed correctly reported his 2019 income. *Id.* Dr. Wynn noted that he incurred "at least an additional $3,500 to $4,500 in attorney's fees" over the course of the enforcement litigation. SAppx30.

The Board denied Dr. Wynn's petition and affirmed the AJ's initial decision for two reasons: (1) Dr. Wynn had failed to establish any reason under 5 C.F.R. § 1201.115 to grant his petition for review, and (2) Dr. Wynn had not challenged the Army's compliance with the settlement, but rather argued that the Army's "delay in complying caused [Dr. Wynn] to incur tax penalties," ECF No. 19 at 29. On March 8, 2024, the AJ's initial decision became the Board's final order. Dr. Wynn received the final decision on March 13, 2024.

Dr. Wynn appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(9) and 5 U.S.C. § 7703(b)(1).

---

[2]    "SAppx" refers to the Supplemental Appendix submitted by the Respondent at ECF No. 21.

## DISCUSSION

On appeal, Dr. Wynn continues to argue that the Army failed to give him a correct W-2 C and that, as a result, he incurred tax penalties and additional attorney and accountant fees to correct the Army's mistake. ECF No. 19 at 1–25.

We do not reach the merits of Dr. Wynn's arguments, however, because we agree with the Army that this appeal is untimely and dismissal is appropriate. Under 5 U.S.C. § 7703(b)(1), an appeal "shall be filed within 60 days after the Board issues notice of the final order or decision of the Board." The Board issued its final order on March 8, 2024. ECF No. 19 at 28. Dr. Wynn's appeal was therefore due by May 7, 2024, but we did not receive his appeal until June 14, 2024—38 days after the appeal deadline. ECF No. 1 at 5; *see also* Fed. R. App. P. 26(a).

The timing requirement of 5 U.S.C. § 7703(b)(1) "is not jurisdictional." *Harrow v. Dep't of Def.*, 601 U.S. 480, 482 (2024). It remains an open question after *Harrow*, however, whether the statute is eligible for equitable tolling. *Id.* at 489–90; *Gard v. OPM*, No. 24-1711, 2025 WL 272349, at *2 (Fed. Cir. Jan. 23, 2025). But, even if equitable tolling were to apply, Dr. Wynn has not carried his burden to establish eligibility for tolling of 5 U.S.C. § 7703(b)(1)'s timing requirement.

To establish equitable tolling, Dr. Wynn "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Dr. Wynn has not shown that he has been pursuing his rights diligently, or that he faced an extraordinary circumstance. In fact, Dr. Wynn provides no explanation for his filing delay in his reply brief, *see* ECF No. 24, despite the Army's argument that "Dr. Wynn cannot rely on equitable tolling in this case, and his appeal should be dismissed as untimely filed," ECF No. 21 at 9.

Because diligence and extraordinary circumstances are required to establish equitable tolling, we conclude Dr. Wynn has not carried his burden of establishing a basis for equitable tolling, and therefore his appeal is untimely under 5 U.S.C. § 7703(b)(1).

## CONCLUSION

We have considered Dr. Wynn's remaining arguments and find them unpersuasive. For reasons above, we dismiss Dr. Wynn's appeal as untimely.

### DISMISSED

## COSTS

No costs.