NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DIETRICH MICHAEL HUBBARD,**
*Petitioner-Appellant*

**v.**

**COMMISSIONER OF INTERNAL REVENUE,**
*Respondent-Appellee*

---

2025-1498

---

Appeal from the United States Tax Court in No. 8703-23.

---

Before TARANTO, WALLACH, and CUNNINGHAM, *Circuit Judges*.

PER CURIAM.

### O R D E R

After Dietrich Michael Hubbard's notice of appeal from the United States Tax Court was transmitted here, the parties were directed to address the court's jurisdiction over this appeal. The Commissioner of Internal Revenue ("CIR") argues the appeal should be dismissed. Mr. Hubbard has not filed a response. We transfer the appeal.

"The United States Courts of Appeals (other than the United States Court of Appeals for the Federal Circuit)

shall have exclusive jurisdiction to review the decisions of the Tax Court[.]"  26 U.S.C. § 7482(a)(1); *see* 28 U.S.C. § 1295.  Thus, we lack jurisdiction.  We conclude transfer to the United States Court of Appeals for the Sixth Circuit is appropriate under the circumstances of this case.  *See* 28 U.S.C. § 1631; § 7482(b)(1)(A); ECF No. 1-2 at 2.[1]

Accordingly,

IT IS ORDERED THAT:

This appeal and all case filings are transferred to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

April 25, 2025
    Date

---

[1]    CIR argues Mr. Hubbard's notice of appeal is untimely such that no court of appeals would have jurisdiction. *See* ECF No. 5 at 5 (citing *Bowles v. Russell*, 551 U.S. 205, 209 (2007)); *see also* 26 U.S.C. § 7483; Fed. R. App. P. 13(a)(1), 26(b).  We conclude the better course is to transfer so the Sixth Circuit may address that issue, and CIR's other arguments, in the first instance. *See Harrow v. Dep't of Def.*, 601 U.S. 480, 489 (2024) (addressing *Bowles*); 26 U.S.C. § 7441.