NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GERY J. GRAHAM,**
*Petitioner*

**v.**

**DEPARTMENT OF JUSTICE,**
*Respondent*

---

2025-1102

---

Petition for review of the Merit Systems Protection Board in No. SF-0752-20-0708-I-2.

---

Decided:  June 11, 2025

---

GERY J. GRAHAM, Honolulu, HI, pro se.

JOSHUA A. MANDLEBAUM, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by DEBORAH ANN BYNUM, PATRICIA M. MCCARTHY, BRETT SHUMATE.

---

Before LOURIE, DYK, and CUNNINGHAM, *Circuit Judges*.

PER CURIAM.

Gery J. Graham petitions for review of the final decision of the United States Merit Systems Protection Board (the "Board"). *Graham v. Dep't of Just.*, No. SF-0752-20-0708-I-2, 2024 WL 3825054 (M.S.P.B. Aug. 14, 2024) ("*Final Order*"); *see also Graham v. Dep't of Just.*, No. SF-0752-20-0708-I-2, 2023 WL 3043690 (M.S.P.B. Apr. 18, 2023) ("*Initial Decision*"), S.A. 8–30.[1] The Board upheld the Department of Justice's (the "DOJ") decision to suspend Graham for 30 days as a penalty for misuse of his position and a lack of candor. *Final Order*, at *1. For the following reasons, we *dismiss*.

## BACKGROUND

Graham holds the position of special agent with the DOJ's Bureau of Alcohol, Tobacco, Firearms and Explosives (the "ATF"). Following an investigation, Graham was suspended by the DOJ for 30 days for misuse of official position and a lack of candor. *See* S.A. 41–50. The misuse of position charge was based on an August 2, 2016 email that Graham sent using his DOJ email account. The email and attached letter were sent to the director of Graham's son's school after an enrollment hold was placed on his son for unpaid tuition. *Id.* at 45, 205. In the communication, Graham identified himself as ATF SA Gery Graham, Firearms Instructor and stated that "due to the strict protocols of my professional career as a Federal Agent for [the ATF], I am unable to accept payment as a football coach" and suggested that in return for volunteering, the school could "alleviate some of the tuition that is owed." *Id.* at 45, 205, 207. The lack of candor charge was based on answers Graham provided to the DOJ Office of Inspector General (the "OIG") investigator on February 27, 2019, where he

---

[1]    S.A. refers to the Supplemental Appendix submitted by the Respondent.

stated that he had no meaningful role in his wife's small business. *Id.* at 45–46. In subsequent interviews, Graham admitted that he was involved in the business. *Id.*

Graham appealed his 30-day suspension to the Board. In its initial decision, the administrative judge ("AJ") sustained the charges, determining that Graham had "offered no plausible explanation" for identifying himself as an ATF special agent in his email, *Initial Decision,* at S.A. 14, and that his statements to the OIG investigator were misleading regarding his role in his wife's small business, *id.* at S.A. 18. Graham petitioned for review of the AJ's decision and, on August 14, 2024, the Board denied the petition and affirmed the initial decision, adopting it as the Board's final decision. *Final Order*, at *1.

Graham petitioned for review in this court on October 21, 2024.

## DISCUSSION

Under 5 U.S.C. § 7703(b)(1), a petition for review "shall be filed within 60 days after the Board issues notice of the final order or decision of the Board." Here, the Board issued its Final Order on August 14, 2024. *Final Order*, at *1. Graham's petition for review was due 60 days later, on Monday, October 14, 2024. We did not receive Graham's petition until seven days after the deadline, on October 21, 2024. ECF No. 1; *see also id.* at 5 (showing Graham's signature dated October 15, 2024, one day after the deadline).

While the timing requirement of 5 U.S.C. § 7703(b)(1) is "non-jurisdictional," *Harrow v. Dep't of Def.*, 601 U.S. 480, 489–90 (2024), it remains an open question if the timing requirement is subject to equitable tolling. *See id.* (noting that the Supreme Court was "not the right court to now determine whether" the 60-day deadline is subject to equitable tolling); *see Gard v. Off. of Pers. Mgmt.*, No. 2024-1711, 2025 WL 272349, at *2 (Fed. Cir. Jan. 23, 2025) ("It

remains an open question after *Harrow* whether the statute is eligible for equitable tolling.").

We need not decide that issue now because, even if equitable tolling were available, Graham has not met his burden to establish its application. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Graham makes no arguments regarding equitable tolling in his opening brief, instead arguing the merits of his appeal. *See* Pet'r's Inf. Br. 4 (arguing that "[n]o reasonable person would read the statement [in his email to the school director] to mean that Graham was using his office to obtain tuition relief"); *id.* at 5 (arguing that "[h]is answers, in the context of the vague and awkwardly worded questions asked by the OIG, were forthright"). Even after the DOJ had raised the issues of untimeliness and equitable tolling in its response, *see* Resp't's Inf. Br. 10–13, Graham failed to submit a reply. Graham has therefore failed to demonstrate that the deadline should be equitably tolled, and his petition for review is untimely. We therefore *dismiss*.

## DISMISSED

### COSTS

The parties shall bear their own costs.