NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**WALTER E. HYDE,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

**OFFICE OF PERSONNEL MANAGEMENT,**
*Intervenor*

---

2015-3118

---

Petition for review of the Merit Systems Protection Board in No. DA-0845-14-0491-I-1.

---

Decided: October 13, 2015

---

WALTER E. HYDE, Killeen, TX, pro se.

LINDSEY SCHRECKENGOST, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

DAVID MICHAEL KERR, Commercial Litigation Branch, Civil Division, United States Department of Justice,

Washington, DC, for intervenor. Also represented by
KENNETH M. DINTZER, ROBERT E. KIRSCHMAN, JR.,
BENJAMIN C. MIZER.

_____

Before PROST, *Chief Judge,* DYK and HUGHES, *Circuit
Judges.*

PER CURIAM.

Walter E. Hyde appeals the final decision of the Merit
Systems Protection Board ("Board"), which denied Mr.
Hyde's petition for review and affirmed the administra-
tive judge's initial decision dismissing for lack of jurisdic-
tion Mr. Hyde's appeal of a reconsideration decision
issued by the Office of Personnel Management ("OPM").
For the reasons discussed below, we affirm.

BACKGROUND

On May 19, 2014, OPM issued a final reconsideration
decision finding that Mr. Hyde had been overpaid
$15,701.69 in annuity benefits under the Federal Em-
ployees' Retirement System ("FERS") and stating its
intent to collect repayment. Mr. Hyde appealed OPM's
reconsideration decision to the Board on June 20, 2014.

Over a month later, on July 29, 2014, OPM rescinded
its reconsideration decision and moved to dismiss Mr.
Hyde's appeal for lack of jurisdiction. OPM stated that it
intended to remand the case to address Mr. Hyde's con-
cerns and that it would issue a new final decision extend-
ing Mr. Hyde's appeal rights. The administrative judge
subsequently issued an Order to Show Cause, informing
Mr. Hyde that his appeal would be dismissed for lack of
jurisdiction unless he showed good cause for why it should
not be dismissed. Mr. Hyde did not file a response.
Consequently, the administrative judge issued an initial
decision dismissing the appeal for lack of jurisdiction,

stating that OPM's rescission of its reconsideration decision divested the Board of jurisdiction.

Mr. Hyde petitioned for review of the initial decision. The Board agreed with the administrative judge that there was no jurisdiction, denied the petition for review, and affirmed the initial decision. Mr. Hyde then appealed to this court. In his appeal, Mr. Hyde does not present any argument with respect to the Board's jurisdiction. Instead, Mr. Hyde focuses only on the merits of the case, arguing that he was not at fault in receiving the overpayment of annuity benefits and thus should not be required to repay them.

## DISCUSSION

Our review of the Board's decision is limited by statute. We must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

Moreover, "[i]f the MSPB does not have jurisdiction, then neither do we, except to the extent that we always have the inherent power to determine our own jurisdiction and that of the board." *Maddox v. Merit Sys. Prot. Bd.*, 759 F.2d 9, 10 (Fed. Cir. 1985). "Whether the board had jurisdiction to adjudicate a case is a question of law, which we review *de novo*." *Forest v. Merit Sys. Prot. Bd.*, 47 F.3d 409, 410 (Fed. Cir. 1995).

The Board's jurisdiction is not plenary; it is limited to actions made appealable to it by law, rule, or regulation. *Id.*; *see* 5 U.S.C. § 7701(a). The Board generally has jurisdiction under the FERS only after OPM has issued a final decision, such as a reconsideration decision. 5 U.S.C. § 8347(d)(1); 5 C.F.R. §§ 831.109(f), 831.110. The petitioner has the burden of proving, by a preponderance

of the evidence, that the Board has jurisdiction. *Id.*; 5 C.F.R. § 1201.56(a)(2).

We conclude that the Board correctly determined that it lacked jurisdiction over Mr. Hyde's appeal. OPM's rescission of its reconsideration decision divested the Board of jurisdiction over Mr. Hyde's appeal. *See Richardson v. Office of Pers. Mgmt.,* 101 M.S.P.R. 128, 129 (2006) ("If OPM completely rescinds a reconsideration decision, the Board no longer retains jurisdiction over the appeal in which that reconsideration decision is at issue, and the appeal must be dismissed."); *Parker v. Office of Pers. Mgmt.*, 74 M.S.P.R. 131, 133 (1997) (same). Here, Mr. Hyde does not dispute that OPM rescinded its reconsideration decision or that such rescission divested the Board of jurisdiction. Because Mr. Hyde has shown no basis for finding jurisdiction over his appeal, the Board properly denied his petition for review.

For the foregoing reasons, we affirm the Board's decision.

**AFFIRMED**

COSTS

Each party shall bear their own costs.