NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CECIL ALLEN SANDERS, JR.,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

Petition for review of the Merit Systems Protection Board in No. AT-0845-22-0081-A-1.

-------------------------------------------------

**CECIL ALLEN SANDERS, JR.,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

---

2023-2243

---

Petition for review of the Merit Systems Protection Board in No. AT-0845-22-0081-I-1.

---

Decided:  September 10, 2024

———————————

CECIL ALLEN SANDERS, JR., Palm Beach Gardens, FL, pro se.

ANNE DELMARE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent Office of Personnel Management. Also represented by BRIAN M. BOYNTON, DEBORAH ANN BYNUM, PATRICIA M. MCCARTHY.

KATHERINE MICHELLE SMITH, Office of General Counsel, United States Merit Systems Protection Board, for respondent Merit Systems Protection Board.  Also represented by ALLISON JANE BOYLE.

———————————

Before PROST, TARANTO, and HUGHES, *Circuit Judges*.

PER CURIAM.

Cecil Allen Sanders, Jr., petitions for review of two Merit Systems Protection Board ("Board") decisions.  In the I-1 case,[1] the Board dismissed Mr. Sanders's appeal for lack of jurisdiction.  In the A-1 case,[2] the Board denied Mr. Sanders's petition for attorney fees that he allegedly incurred in the I-1 case.  We affirm both Board decisions.

BACKGROUND

On October 26, 2021, the Office of Personnel Management ("OPM") issued a reconsideration decision affirming its initial decision that Mr. Sanders was overpaid $71,937.61 due to his concurrent entitlement to both (1) a disability retirement annuity under the Federal

———————————

[1]   Board docket no. AT-0845-22-0081-I-1.
[2]   Board docket no. AT-0845-22-0081-A-1.

Employees' Retirement System ("FERS") and (2) disability insurance benefits through the Social Security Administration.  *See* App'x 18–21.[3]  OPM's reconsideration decision also determined that Mr. Sanders was not entitled to a waiver of the overpayment.  App'x 20.

Mr. Sanders appealed OPM's reconsideration decision to the Board, thus beginning the I-1 case.  OPM then moved to dismiss the appeal for lack of jurisdiction because it had rescinded the reconsideration decision and would be "remanding the case file to the appropriate office for further development and review."  App'x 49.  On February 7, 2022, the administrative judge ("AJ") issued an initial decision dismissing the appeal for lack of jurisdiction, reasoning that, "[w]hen OPM completely rescinds a reconsideration decision, its rescission divests the Board of jurisdiction over the appeal."  App'x 2.  The AJ's initial decision became the Board's final decision on March 14, 2022.  *See* 5 C.F.R. § 1201.113.

Mr. Sanders later petitioned the Board for attorney fees that he allegedly incurred in the I-1 case, thus beginning the A-1 case.  On July 18, 2023, the AJ issued an initial decision denying the petition because, among other reasons, Mr. Sanders was not a "prevailing party" in the I-1 case for purposes of an attorney-fee award.  *See* SApp'x 2–3 (citing 5 U.S.C. § 7701(g)(1)).[4]  The AJ's initial decision became the Board's final decision on August 22, 2023.  *See* 5 C.F.R. § 1201.113.

On July 24, 2023, Mr. Sanders petitioned this court for review of both the dismissal in the I-1 case and the attorney-fee denial in the A-1 case.  *See* 5 U.S.C. § 7703(b)(1)(A).

---

[3]  "App'x" refers to the appendix included with the Board's informal brief (ECF No. 29).

[4]  "SApp'x" refers to the supplemental appendix included with OPM's informal brief (ECF No. 30).

The Board is the respondent for the I-1 case, and OPM is
the respondent for the A-1 case. *See* Order at 3 (Sept. 19,
2023), ECF No. 14. We have jurisdiction under 28 U.S.C.
§ 1295(a)(9).

## DISCUSSION

We review a Board decision for whether it is "(1) arbi-
trary, capricious, an abuse of discretion, or otherwise not
in accordance with law; (2) obtained without procedures re-
quired by law, rule, or regulation having been followed; or
(3) unsupported by substantial evidence." 5 U.S.C.
§ 7703(c). Whether the Board had jurisdiction to adjudi-
cate a case is a question of law, which we review de novo.
*Forest v. MSPB*, 47 F.3d 409, 410 (Fed. Cir. 1995).
Mr. Sanders, as the petitioner, bears the burden of estab-
lishing reversible error in the Board's decisions. *Sistek v.
Dep't of Veterans Affs.*, 955 F.3d 948, 953 (Fed. Cir. 2020).

I

We begin with the Board's dismissal for lack of juris-
diction in the I-1 case. Before turning to the merits of that
decision, however, we briefly address the Board's argu-
ments concerning the untimeliness of Mr. Sanders's peti-
tion for review. The Board initially argued that, because
Mr. Sanders filed his petition for review beyond the 60-day
deadline set forth in 5 U.S.C. § 7703(b)(1)(A), we lack juris-
diction to review the dismissal in the I-1 case. *See, e.g.*,
Board's Informal Br. 5–6.[5] But, as the Board later
acknowledged, the Supreme Court has since held that this
60-day deadline is not jurisdictional. *See* Board's Fed. R.

---

[5] Specifically, the Board observed that (1) the AJ's
dismissal in the I-1 case became the Board's final decision
on March 14, 2022; (2) 60 days from that date would have
been May 13, 2022; and (3) Mr. Sanders's petition for re-
view was not filed until July 24, 2023. *See* Board's Informal
Br. 5–6.

App. P. 28(j) Citation of Suppl. Authority at 1 (May 16, 2024) (citing *Harrow v. Dep't of Def.*, 601 U.S. 480 (2024)), ECF No. 31. Nonetheless, the Board maintains that we should still dismiss Mr. Sanders's petition for review (as to the I-1 case) as untimely because he "has not shown cause to excuse his late filing." Board's Informal Br. 7. We need not consider any remaining Board argument concerning the petition's untimeliness, however, because we conclude that the Board did not err on the merits when dismissing Mr. Sanders's appeal in the I-1 case. *See Long v. Dep't of Veterans Affs.*, No. 23-2406, 2024 WL 3770715, at *1 (Fed. Cir. Aug. 13, 2024) (declining to reach issues of untimeliness post-*Harrow* and instead affirming on the merits).

Turning now to the merits of the Board's dismissal in the I-1 case, the Board reasoned that it had to dismiss because OPM's rescission of its reconsideration decision deprived the Board of jurisdiction to review that decision. *See* App'x 2. Mr. Sanders has not shown, nor do we see, any error in the Board's reasoning or disposition. *See, e.g.*, *Hyde v. MSPB*, 621 F. App'x 653, 654 (Fed. Cir. 2015) (nonprecedential) (concluding that "the Board correctly determined that it lacked jurisdiction over [petitioner's] appeal" because "OPM's rescission of its reconsideration decision divested the Board of jurisdiction" over the appeal). We therefore affirm, on the merits, the Board's dismissal of Mr. Sanders's appeal in the I-1 case.

II

We next address the Board's denial (in the A-1 case) of attorney fees that Mr. Sanders allegedly incurred in the I-1 case. Again, the Board denied the requested attorney fees because, among other reasons, Mr. Sanders was not a "prevailing party" in the I-1 case for purposes of an attorney-fee award. *See* SApp'x 2–3 (citing 5 U.S.C. § 7701(g)(1) (authorizing "reasonable attorney fees incurred by an employee" if, among other things, the employee "is the

prevailing party")).  The Board reasoned that when, as in the I-1 case, "an appeal is dismissed after an agency unilaterally rescinds an appealed action, the appellant is not a prevailing party and is not entitled to an award of attorney fees."  SApp'x 2 (citing *Sacco v. DOJ*, 90 M.S.P.R. 225, 227 (2001) (concluding, in light of *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598 (2001), that "[t]he agency's unilateral rescission of the alleged adverse action" did not render the appellant a "prevailing party" for purposes of an attorney-fee award under 5 U.S.C. § 7701(g)), *aff'd*, 317 F.3d 1384 (Fed. Cir. 2003)).  Mr. Sanders has not shown, nor do we see, any error in the Board's reasoning or disposition.

## III

We conclude with a few observations.  First, Mr. Sanders's arguments in this proceeding appear mostly related to a different Board case—namely, Board docket no. AT-0843-17-0575-I-1, which concerned his claim for a survivor annuity under FERS based on his deceased spouse's service as a federal employee.  That case was the subject of a decision by this court in May 2024, in which we affirmed the Board's dismissal of Mr. Sanders's appeal for lack of jurisdiction.  *See Sanders v. MSPB*, No. 23-2058, 2024 WL 2239018 (Fed. Cir. May 17, 2024).

Second, although Mr. Sanders does make some arguments that appear related to the I-1 case, *see* Appellant's Informal Br. 9 (citing *Gordon v. MSPB*, No. CH-0845-16-0204-I-1, 2016 MSPB LEXIS 2622 (May 2, 2016)), such arguments seem to concern the *merits* of OPM's determination that Mr. Sanders was overpaid and that he was not entitled to a waiver of that overpayment.  The merits of those determinations, however, are not before us in this proceeding, because the Board—instead of considering the merits—dismissed Mr. Sanders's appeal for lack of

jurisdiction, and we are reviewing (and affirming) only that dismissal in the I-1 case.

Third, the Board's informal brief here (1) references "what appears to be a March 16, 2023 initial decision from OPM" that recomputed the amount of Mr. Sanders's overpayment; (2) notes that Mr. Sanders checked the box indicating that he sought reconsideration of that decision from OPM; and (3) observes that it appears unclear "whether or when Mr. Sanders communicated his choice [to seek reconsideration] to OPM" or "whether OPM has since issued a reconsideration decision." Board's Informal Br. 9 (referencing App'x 57–58).[6] The Board further states that, if OPM *has* since issued a reconsideration decision, "Mr. Sanders may have been able to file a new appeal with the [Board], according to any rights provided to him by OPM." *Id.* at 9–10.

### CONCLUSION

We have considered Mr. Sanders's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm.

### **AFFIRMED**

### COSTS

No costs.

---

[6]    The pages at App'x 57–58 bear an electronic file stamp header of pages 72–73.