RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 16a0221p.06

# UNITED STATES COURT OF APPEALS

### FOR THE SIXTH CIRCUIT

───────────────

INTERNATIONAL UNION OF OPERATING ENGINEERS,
LOCAL 18,

*Petitioner/Cross-Respondent*,

*v.*

NATIONAL LABOR RELATIONS BOARD,

*Respondent/Cross-Petitioner*,

DONLEY'S INC.; PRECISION ENVIRONMENTAL
COMPANY; CONSTRUCTION EMPLOYERS
ASSOCIATION; B&B WRECKING & EXCAVATING,
INC.; HUNT CONSTRUCTION; CLEVELAND CEMENT
CONTRACTORS, INC.,

*Proposed Intervenors*.

Nos. 16-1800/1969

On Petition for Review of an Order of the National Labor Relations Board;
Nos. 08-CD-081840; 08-CD-091637; 08-CD-091683; 08-CD-091684; 08-CD-091686;
08-CD-091770; 08-CD-091773; 08-CD-130178; 08-CD-133957.

Decided and Filed:  September 7, 2016

Before:  KEITH, ROGERS, and SUTTON, Circuit Judges.

───────────────

**COUNSEL**

**ON MOTIONS**: Frank W. Buck, LITTLER MENDELSON, P.C., Cleveland, Ohio, for
Proposed Intervenors.

————————————

**ORDER**

————————————

SUTTON, Circuit Judge.  When a party loses in an administrative proceeding before the National Labor Relations Board, it may ask a court of appeals to review the decision.  The winning parties may intervene to defend the Board's judgment in their favor.  *See Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am., AFL-CIO, Local 283 v. Scofield*, 382 U.S. 205, 208 (1965).  That's true to the extent that the relevant parties meet our procedural requirements, or to the extent that we waive those procedural requirements.  Here we do the latter.  Due to a scrivener's error when drafting the motion, one of the "charging parties"—a victor in the Board proceeding and a would-be intervenor in our review of that decision—failed to file a timely motion to intervene.  No party objects to the addition of this late intervenor— Hunt Construction.  We therefore permit the company to participate in the action here.  In the process, we clarify that Federal Rule of Appellate Procedure 15(d), which sets forth the conditions for intervening in our review of Board decisions, is a "claim-processing rule" that does not affect our subject matter jurisdiction.

On May 6, 2016, the Board found that the International Union of Operating Engineers had violated the National Labor Relations Act by seeking to undermine the Board's prior judgments.  363 NLRB No. 184.  The Union petitioned for review on June 13.  The Board cross-petitioned for review on July 6.  On July 13, five of the six charging parties, all winners in the Board proceedings, moved to intervene in the Union's petition for review.  They filed another motion to intervene in both the Union's petition and the Board's cross-petition after the court clerk's office directed them to do so.  On August 2, more than thirty days after the Union filed its initial petition for review, the charging parties' counsel filed another amended motion to intervene in both the Union's and the Board's petitions, clarifying that they had inadvertently omitted a sixth charging party, Hunt Construction, from their first two motions.

Unless otherwise provided by statute, "a person who wants to intervene in a proceeding under [Rule 15(d)] must file [a motion to intervene] . . . or other notice of intervention authorized by statute . . . within 30 days after the petition for review is filed."  Fed. R. App. P. 15(d).

Through their counsel's inadvertent omission, Hunt Construction missed the thirty-day window to intervene in the Union's petition for review (though its motion is timely with regard to the Board's cross-petition). No one objects to Hunt's motion to intervene. But we may allow Hunt into the action only if Rule 15(d) does not set a jurisdictional bar.

Some time-limitation provisions are imposed by Congress with the intent of denying the federal courts jurisdiction once a filing window has closed. The filing deadline for civil appeals, the Supreme Court has said, is one such jurisdictional rule. *Bowles v. Russell*, 551 U.S. 205, 214 (2007). Many other statutory filing deadlines are not. *See, e.g., United States v. Wong*, 135 S. Ct. 1625, 1632–33 (2015) (Federal Tort Claims Act time limitations non-jurisdictional); *Sebelius v. Auburn Reg'l Med. Ctr.*, 133 S. Ct. 817, 824–26 (2013) (Medicare reimbursement time limit non-jurisdictional); *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 441 (2011) (deadline for appealing to Veterans Court non-jurisdictional); *Holland v. Florida*, 560 U.S. 631, 645 (2010) (federal habeas filing deadline non-jurisdictional); *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 93–96 (1990) (filing deadline to bring Title VII claim non-jurisdictional). These kinds of filing deadlines amount to (non-jurisdictional) claim-processing rules. And while courts generally enforce these deadlines as well, they retain authority to waive them or, for that matter, to permit the parties to waive them. In the last decade, the Supreme Court has been on a mission "to 'facilitat[e] clarity by using the term 'jurisdictional' only when it is apposite.'" *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 161 (2010); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 510–12 (2006). We have picked up on the hint. *See generally Maxwell v. Dodd*, 662 F.3d 418, 421 (6th Cir. 2011); *Pruidze v. Holder*, 632 F.3d 234, 238 (6th Cir. 2011).

Appellate Rule 15(d) presents a straightforward case. The thirty-day filing deadline does not implement any general jurisdictional statute, and it thus falls on the claim-processing-rule side of the line, a side that permits forfeiture and equitable exceptions to the deadline. To our knowledge, the only statutes that lay out a thirty day period for intervention are "the 30-day periods found in the Communications Act Amendments . . . and the Sugar Act of 1948." Fed. R. App. P. 15 Comm. Note. That does not necessarily mean that the thirty-day window is jurisdictional in those settings. But the absence of any such requirement in the National Labor

Relations Act—the relevant statute here—at a minimum is a sufficient reason for concluding that the application of the Appellate Rule 15(d) deadline here is not jurisdictional.

And there indeed is no specific provision governing intervention in the National Labor Relations Act. *See Scofield*, 382 U.S. at 209−10. Even though "it is silent on the intervention problem," 29 U.S.C. § 160(f) "serves as our guide." *Id.* at 209. That provision explains that petitions for review shall be filed "as provided in section 2112 of Title 28," which in turn says that "[t]he rules prescribed under the authority of [28 U.S.C. §] 2072 . . . may provide for the time and manner of filing." Section 2072 codifies the (amended) Rules Enabling Act, which delegates to the Supreme Court the "power to prescribe general rules of practice and procedure." *See* Pub. L. 101-650, §§ 315, 321, 104 Stat. 5115, 5117 (1990). One of those general rules is Appellate Rule 15(d).

Accordingly, this thirty-day filing deadline is a claim-processing rule that the courts of appeals can excuse. Neither the Union nor the Board opposes any of the motions for intervention, including Hunt's. No prejudice will result if we permit Hunt to participate in these cases.

For these reasons, the amended motions to intervene are granted.