NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0514n.06

No. 24-3323

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

<table>
<tr><td>

YATINKUMAR TRIBHOVANDAS PATEL;<br>
MITTAL YATINKUMAR PATEL; AARAV<br>
YATINBHAI PATEL,

    Petitioners,

v.

MERRICK B. GARLAND, Attorney General,

    Respondent.

</td><td>

)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)

</td><td>

ON PETITION FOR REVIEW<br>
FROM THE UNITED STATES<br>
BOARD OF IMMIGRATION<br>
APPEALS


OPINION

</td></tr>
</table>

FILED

Dec 11, 2024

KELLY L. STEPHENS, Clerk

Before: BATCHELDER, GRIFFIN, and WHITE, Circuit Judges.

PER CURIAM. Yatinkumar Tribhovandas Patel, his wife Mittal Yatinkumar Patel, and their minor son Aarav Yatinbhai Patel petition this court for review of an order of the Board of Immigration Appeals (BIA) denying their motion to reopen their removal proceedings. As set forth below, we deny the petition for review.

The Patels, natives and citizens of India, entered the United States without inspection in November 2021. The Department of Homeland Security later served the Patels with notices to appear in removal proceedings, charging them with removability as noncitizens present in the United States without being admitted or paroled. *See* 8 U.S.C. § 1182(a)(6)(A)(i). Appearing before an immigration judge (IJ), the Patels admitted the factual allegations set forth in the notices to appear and conceded removability as charged.

The Patels applied for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). The Patels asserted that, after Yatinkumar Patel joined the

Indian National Congress Party (Congress Party), members of the ruling Bharatiya Janata Party (BJP) told him to stop working for the Congress Party and tried to convince him to switch parties. On three different occasions in 2021, members of the BJP allegedly threatened and assaulted the Patels. The Patels claimed that, if they returned to India, the BJP would beat, kidnap, torture, or kill them because of Yatinkumar Patel's involvement with the Congress Party.

After a hearing on the merits, the IJ denied the Patels' applications for asylum, withholding of removal, and CAT protection and ordered their removal to India. The IJ found that the Patels were not credible and denied their applications based on their failure to present credible testimony. In making the adverse credibility determination, the IJ identified specific inconsistencies, omissions, exaggerations, and other deficiencies in their written and oral statements and noted their failure to provide readily available corroborating evidence. The IJ also found that the Patels failed to show that they could not relocate within India or that they faced a particularized threat of torture, either directly by the Indian government or with its consent.

The Patels filed an appeal, which the BIA dismissed. According to the BIA, the Patels failed to challenge the IJ's denial of their applications for CAT protection and therefore failed to preserve that issue for review. The BIA affirmed the IJ's adverse credibility finding, including the IJ's determination that the Patels failed to present sufficient corroborating evidence to rehabilitate their claims. The BIA concluded that, in the absence of credible, corroborated testimony, the Patels could not establish eligibility for asylum or withholding of removal. The BIA also affirmed the IJ's alternative denial of relief based on internal relocation. The Patels did not petition for review of the BIA's decision.

Two months later, the Patels moved to reopen their removal proceedings to present newly obtained evidence to corroborate Mittal Patel's testimony that she was hospitalized for fifteen days

after members of the BJP injured her. The BIA denied their motion to reopen. According to the BIA, the Patels failed to show that their new evidence was previously unavailable. The BIA went on to determine that their evidence, even if previously unavailable, did not undermine the IJ's adverse credibility or internal-relocation findings. To the extent that the Patels alleged errors in the BIA's prior decision, the BIA determined that their motion was one seeking reconsideration and was untimely because applicants must file such motions within 30 days of the prior decision.

The Patels then petitioned for review of the BIA's order denying their motion to reopen. But their brief in support of their petition for review does not address that decision. The Patels instead challenge the BIA's prior order dismissing their appeal from the IJ's denial of their applications for asylum and withholding of removal. According to the government, we are precluded from reviewing the BIA's prior order because the Patels never petitioned for review of that decision. We agree.

Under the Immigration and Nationality Act (INA), we may review a "final order of removal." § 1252(a)(1). "The petition for review must be filed not later than 30 days after the date of the final order of removal." § 1252(b)(1). "This time limitation is enforced strictly, and courts lack jurisdiction to review a BIA decision when a petitioner fails to seek judicial review of an order within the applicable time period." *Gor v. Holder*, 607 F.3d 180, 185 (6th Cir. 2010). In other words, this filing deadline is "mandatory and jurisdictional." *Kolov v. Garland*, 78 F.4th 911, 917 (6th Cir. 2023) (quoting *Stone v. INS*, 514 U.S. 386, 405 (1995)).

In recent years, however, the Supreme Court has "endeavored to bring some discipline to use of the jurisdictional label." *Boechler, P.C. v. Comm'r of Internal Revenue*, 596 U.S. 199, 203 (2022) (citation and quotation marks omitted). It "has been rigorous and vigorous in distinguishing between requirements that go to the subject matter jurisdiction of the federal courts and

requirements that are merely mandatory." *In re Tennial*, 978 F.3d 1022, 1025 (6th Cir. 2020). So, using the statutory-construction tools, "we only treat a provision as jurisdictional if Congress clearly states as much." *MOAC Mall Holdings LLC v. Transform Holdco LLC*, 598 U.S. 288, 298 (2023) (cleaned up). This clear-statement rule "ensur[es] that courts impose harsh jurisdictional consequences only when Congress unmistakably has so instructed." *Santos-Zacaria v. Garland*, 598 U.S. 411, 416–17 (2023).

*Santos-Zacaria* illustrates this approach. There, the Court considered whether the INA's exhaustion requirement in § 1252(d)(1) is jurisdictional and held that it is not because it "lacks the clear statement necessary to qualify as jurisdictional." *Id.* at 415, 417. Two aspects of § 1252(d)(1) informed the Court's conclusion. *Id.* at 417–18. First was its exhaustion prerequisite, a "threshold requirement" that "ordinarily is not jurisdictional." *Id.* (cleaned up). And second, the Court highlighted that Congress used jurisdiction-stripping language in many related statutory provisions—and even in section 1252—and yet it elected not to do so in § 1252(d)(1). *Id.* at 418–19.

Importantly, the Court found unpersuasive its prior labeling of § 1252(d)(1)'s predecessor as "jurisdictional" in *Stone*, 514 U.S. at 399, and *Nken v. Holder*, 556 U.S. 418, 424 (2009). *Santos-Zacaria*, 598 U.S. at 421–22. For one, those matters did not "attend[] to the distinction between 'jurisdictional' rules . . . and nonjurisdictional but mandatory ones." *Id.* at 421. For two, "whether the provisions were jurisdictional 'was not central to'" either. *Id.* (citation omitted). And for three, "neither case addressed the exhaustion requirement specifically." *Id.* at 421–22.

The government contends here that *Santos-Zacaria* dictates we revisit our § 1252(b)(1) precedent and hold that it too is not a jurisdictional requirement and rather is merely a claim-processing rule. There are plenty of reasons to think that *Santos-Zacaria* requires "modification

of our precedent." *RLR Invs., LLC v. City of Pigeon Forge*, 4 F.4th 380, 390 (6th Cir. 2021). For example, the Court's repudiation of *Stone*—upon which we have previously relied—seemingly applies as forcefully to § 1252(b)(1) for at least two reasons. First, "[f]iling deadlines . . . are quintessential claim-processing rules." *Henderson v. Shinseki*, 562 U.S. 428, 435 (2011). And as the Court emphasized this past term, "most time bars are nonjurisdictional." *Harrow v. Dep't of Def.*, 601 U.S. 480, 484 (2024) (citation omitted); *see also id.* at 489 n.1 ("time limits . . . are generally non-jurisdictional"); *Int'l Union of Operating Eng'rs, Loc. 18 v. Nat'l Lab. Rels. Bd.*, 837 F.3d 593, 595 (6th Cir. 2016) (collecting cases). Second, the INA's filing deadline in § 1252(b)(1) likewise lacks clear jurisdictional language in "contrast with related, plainly jurisdictional provisions" that "were enacted at the same time—and even in the same section." *Santos-Zacaria*, 498 U.S. at 419.

Indeed, several of our sister circuits have accepted this argument. *See Inestroza-Tosta v. U.S. Att'y Gen.*, 105 F.4th 499, 512 (3d Cir. 2024); *Argueta-Hernandez v. Garland*, 87 F.4th 698, 705 (5th Cir. 2023); *Alonso-Juarez v. Garland*, 80 F.4th 1039, 1047 (9th Cir. 2023). Yet others have resisted, chiefly because *Santos-Zacaria* did not expressly overrule *Stone*'s holding concerning petition-for-review deadlines as compared to the exhaustion requirements at issue in *Santos-Zacaria*. *See, e.g.*, *F.J.A.P. v. Garland*, 94 F.4th 620, 625–26 (7th Cir. 2024); *Salgado v. Garland*, 69 F.4th 179, 181 n.1 (4th Cir. 2023); *Jean-Baptiste v. U.S. Att'y Gen.*, No. 23-11046, 2024 WL 4298132, at *2 (11th Cir. Sept. 26, 2024); *Allen v. U.S. Att'y Gen.*, No. 23-13044, 2024 WL 164403, at *2 (11th Cir. Jan. 16, 2024).

Although the Supreme Court just granted certiorari to resolve this entrenched circuit split, *see Riley v. Garland*, No. 23-1270 (U.S. Nov. 4, 2024), we need not wait for that decision or decide the debate to resolve this appeal, *cf. Kolov*, 78 F.4th at 917 n.4. The Patels neither filed a petition

for review within 30 days of the BIA's order dismissing their appeal from the IJ's denial of their applications for asylum and withholding of removal, nor presented any circumstances that might warrant equitable tolling or otherwise respond to the government's timeliness argument; so we either lack jurisdiction to consider it, *Prekaj v. INS*, 384 F.3d 265, 267 (6th Cir. 2004), or it is not properly before us under the government's claim-processing rule interpretation. True, the Patels filed a timely petition for review from the BIA's order denying their motion to reopen their removal proceedings, but their brief does not address that order. By failing to address that decision, the Patels forfeited any challenge to the BIA's denial of their motion to reopen. *See Amezola-Garcia v. Lynch*, 846 F.3d 135, 139 n.1 (6th Cir. 2016); *Shkabari v. Gonzales*, 427 F.3d 324, 327 n.1 (6th Cir. 2005).

For these reasons, we deny the Patels' petition for review.